PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAMIEN PETERSON, | CASE NO. 1:09-CV-01012 |
| Petitioner, | |
| | JUDGE GAUGHAN |
| v. | MAGISTRATE JUDGE PEARSON |
| KEITH SMITH, Warden, | |
| | **MEMORANDUM OPINION** |
| Respondent. | **AND ORDER** |

Before the Court is Petitioner Damien Peterson's Motion to Stay the Proceedings. ECF No. 18. Based upon the record before it and applicable law, the motion is denied.

## I. Relevant Factual and Procedural History

On May 1, 2009, Petitioner Peterson sought relief pursuant to a filing under Title 28, United States Code, Section 2254. ECF No. 1. On December 3, 2009, Peterson filed a motion to stay and hold in abeyance his petition for habeas relief. ECF No. 18. Respondent responded in opposition on December 9, 2009. ECF No. 19. Peterson replied on December 18, 2009. ECF No. 20. Thus, the motion for stay and abeyance has been fully briefed and is now ripe for consideration.

## II. Law and Analysis

A court has the discretion to grant a stay and hold the federal proceedings in abeyance pending the exhaustion of the still unexhausted claims of a habeas petition if the petition also

(1:09-CV-01012)

contains exhausted claims, *i.e.*, a mixed petition.  See *Rhines v. Weber*, 544 U.S. 269 (2005). State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S .C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509 (1982).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990).

Claiming that his "sentence is void," Petitioner Peterson has moved the Court for a stay pending the resolution of a "recently filed motion for sentencing."  ECF No. 18 at 2.  Until the alleged error in sentencing has been corrected, Peterson claims there is no final appealable order. ECF No. 20 at 1.

Stay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Peterson misconstrues the purpose to stay and hold a petition in abeyance.  It appears that Peterson asks the Court to hold his petition in abeyance so that he can pursue a new claim in state court that he has not asserted in his petition.  This is not the type of relief offered by an order to

(1:09-CV-01012)

stay and hold a petition in abeyance.

The Court may only issue an order to stay and hold a petition in abeyance if the petition contains grounds for relief that are exhausted and unexhausted and there is good cause for the failure to exhaust the claim in state court. A claim is exhausted "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning*, 912 F.2d at 881. A claim is unexhausted only if state remedies remain available to the petitioner for that specific claim. Peterson does not ask the Court to allow him to exhaust an unexhausted claim. Rather, he asks the Court to allow him to pursue a new claim — that is not before the Court — in new state proceedings. Accordingly, the Court must deny Peterson's request.

### III. Conclusion

For the reasons provided above, the Court denies Peterson's Motion to Stay the Proceedings, ECF No. 18.

The Court will provide a copy of this Order, via U.S. mail, to Damien Peterson, Petitioner. A copy of this Order will also be sent to the Warden, via U.S. mail.

IT IS SO ORDERED.

  December 28, 2009                                                    s/ *Benita Y. Pearson*
Date                                                                              United States Magistrate Judge