PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAMIEN PETERSON, | CASE NO. 1:09-CV-01012 |
| Petitioner, | |
| | JUDGE GAUGHAN |
| v. | |
| | MAGISTRATE JUDGE PEARSON |
| KEITH SMITH, Warden, | |
| Respondent. | **REPORT AND RECOMMENDATION** |

Before the Court is Petitioner Damien Peterson's *pro se* Motion to dismiss his petition for a writ of habeas corpus without prejudice. ECF No. 24. Based upon the record before it and applicable law, the undersigned Magistrate Judge recommends that the motion be denied for the reasons provided below.[1]

## I. Relevant Factual and Procedural History

On May 1, 2009, Petitioner Damien Peterson ("Peterson") filed a petition for a writ of habeas corpus, pursuant to Title 28, United States Code, Section 2254. ECF No. 1. On December 3, 2009, Peterson filed a motion to stay and hold in abeyance his petition for habeas relief, claiming that his "sentence is void" and that until the alleged error in sentencing has been corrected, there is no final appealable order. ECF Nos. 18 at 2 & 20 at 1. The Court denied Peterson's motion to stay. ECF No. 21 at 1-3 (The Court's Order explaining that an order to stay

---

[1] District Court Judge Patricia A. Gaughan referred this matter to the undersigned pursuant to Local Rule 72.2 on June 10, 2009. *See* Docket entry June 10, 2009.

(1:09-CV-01012)

may only be appropriate when the petitioner presents the Court with a "mixed petition," which Peterson did not.) (*citing Rhines v. Weber*, 544 U.S. 269 (2005)).

On January 7, 2010, the Court granted Peterson's request for an extension of time until February 13, 2010, in which to file his traverse. ECF Nos. 22 & 23. On January 21, 2010, rather than file a traverse, Peterson filed the instant motion to dismiss without prejudice pursuant to Federal Rule of Civil Procure 12(b). ECF No. 24. Warden Keith Smith ("Respondent") filed his opposition on January 26, 2010. Peterson replied on February 3, 2010. ECF Nos. 26 & 27.

## II. Law and Analysis

As an initial matter, Respondent contends, and Peterson concedes, that Peterson incorrectly filed his Motion to Dismiss pursuant to Rule 12(b) rather than pursuant to Rule 41. *See* ECF Nos. 26 & 27. Given that Peterson seeks to dismiss his own petition without prejudice, the Court will liberally construe his motion as one filed pursuant to Rule 41(a).

With respect to Rule 41, Respondent argues that "Rule 41(a)(1) does not apply in this habeas corpus case but, in the alternative, if it does apply, Peterson is not entitled to a voluntary dismissal at this stage of the habeas proceedings." ECF No. 26 at 2. Respondent does not cite case authority to support his position, but posits that Rule 41(a)(1)

> is inconsistent with 28 U.S.C. § 2244(b) and Rule 9 of the Rules Governing Section 2254 cases because Peterson is using the Civil Rule as a means to bypass the limitation of the statute and the requirement under Rule 9 that many second or successive petition must first be authorized by the appropriate court of appeals.

ECF No. 26 at 2. The Court has found cases within the Sixth Circuit and outside that have applied Rule 41(a)(1) to a federal habeas case. *See, e.g. Aleman v. Hudson*, 2008 WL 821091 (N.D. Ohio March 25, 2008) (permitting petitioner to voluntarily dismiss a habeas action without

-2-

(1:09-CV-01012)

leave of court after respondent filed a motion to dismiss rather than an answer or motion for summary judgment); *Jackson v. U.S.*, 245 Fed. Appx. 258 (4th Cir. 2007) (finding Rule 41(a)(1) applicable). Not having found nor been provided legal authority supporting Respondent's position, the Court finds Rule 41 applicable in the instant case.

Because Respondent has filed an answer and a return of writ and does not stipulate to Peterson's voluntary dismissal, a Rule 41(a)(1) voluntary dismissal without prejudice is not permitted. *See* Rule 41(a)(1).[2]

Peterson's request for a voluntary dismissal may only be granted by Court order pursuant to Rule 41(a)(2).[3] "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed.Appx. 498, 500 (6th Cir. 2007) (*citing Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir.1994)). Generally, an abuse of discretion is not found unless "the

---

[2] Rule 41(a)(1)(A) provides:

(a) Voluntary Dismissal.
 (1) By the Plaintiff.
  (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any
    applicable federal statute, the plaintiff may dismiss an action without a court
   order by filing:
      (i) a notice of dismissal before the opposing party serves either an answer or
      a motion for summary judgment; or
      (ii) a stipulation of dismissal signed by all parties who have appeared.

[3] Rule 41(a)(2) provides in relevant part:

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be
dismissed at the plaintiff's request only by court order, on terms that the court
considers proper. . . . Unless the order states otherwise, a dismissal under this
paragraph (2) is without prejudice.

(1:09-CV-01012)

defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice . . . ." *Id.* (*citing Grover*, 33 F.3d at 718 (*quoting Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217,(1947))). The decision to dismiss requires the Court to determine whether a without prejudice dismissal will cause Respondent "plain legal prejudice." ECF No. 26 at 3.

The primary purpose of permitting a voluntary dismissal after substantial work has been done only by order of Court is to protect the non-movant from unfair treatment. *Grover*, 33 F.3d at 718. In determining whether a defendant will suffer "plain legal prejudice" the Sixth Circuit has instructed courts to consider the following four factors:

(1) Defendant's effort and expense of preparation for trial;

(2) Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;

(3) Plaintiff's failure to sufficiently explain the need for a dismissal; and

(4) Whether the defendant has filed a motion for summary judgement.

*See id.* (*citing Grover*, 33 F.3d at 718).

The first and fourth factors bode against voluntary dismissal because of the prejudice to Respondent. Although there has been no trial nor filing of a motion for summary judgment, the record reflects that Respondent has invested substantial time and effort in litigating the current matter. The record reflects that Respondent has researched and gathered documents and "fully briefed Peterson's habeas grounds in an answer/return of writ consisting of 60 pages and has filed a lengthy state court record to include the transcript of Peterson's trial." ECF No. 26 at 3.

The second factor is neutral, tending not to weigh in favor of or against granting the dismissal. Peterson filed two motions for an extension of time to file his traverse as well as an

(1:09-CV-01012)

intervening motion to stay further adjudication of his petition. This motion practice, while slightly more robust than typical for a *pro se* litigant, is not indicative of intentional delay when tempered by Respondent's three requests for extensions of time to file a return of writ. Although Peterson sought a four-month extension to file his traverse, inside of that allotted time, he filed a motion to stay. He did not file the motion to dismiss until after the motion to stay had been denied, a logical next step.

Peterson's explanation for the need for dismissal, the third factor, bodes against dismissal. Peterson regurgitates an issue pled in his earlier filed motion to stay this federal habeas proceeding. He pleads for a dismissal on the ground that his state court sentence is void and his conviction is a nullity that divested the State court of appeals of jurisdiction because the State court failed to "properly" impose mandatory post-release control when his 15-year sentence was imposed in May 2006. Peterson remains in state custody on that sentence today.

By way of background, it is helpful to know that Ohio's Revised Code Section 2967.28(B) mandates that a State sentencing court do four things when imposing a sentence on offenders convicted of felony charges of the sort that Peterson was convicted of: (1) impose a term of mandatory post-release control; (2) notify the offender that he will be subject to post-release control;(3) notify the offender that the parole board may impose an additional prison term if he violates supervision or a condition of post-release control; and (4) include the post-release control in the judgment entry journalized by the court. *State v. Singleton*, - - - N.E.2d - - - -, 2009 WL 4932715, at *3, ¶ 11 (Ohio 2009).

The State court judgment entry and transcript of Peterson's May 2006 sentencing both

(1:09-CV-01012)

clearly show that the trial court imposed a five-year term of post-release control and journalized the judgment entry reflecting that imposition.  *See* ECF Nos. 18-3 and 18-4 at 13.  The record before the Court does not show whether the State court notified Peterson that the parole board may impose an additional prison term if he violates supervision or a condition of post-release control.  To that end, however, in December 2009, the Ohio Supreme Court revisited its case law on sentencing errors regarding the imposition of post-release control occurring before July 11, 2006 (like Peterson's alleged error) and ruled that, if such an error occurred, that error is to be corrected by the State court in a *de novo* sentencing hearing.[4]  *Singleton*, 2009 WL 4932715, at *9, ¶ 36.

      Without deciding whether Peterson's sentence was "properly" imposed, this final factor bodes against dismissal.  Should the State court find that Peterson's post-release control was not "properly" imposed, the State has in place a remedy that would not interrupt the proceedings in federal court or Peterson's incarceration.  *Id.* at *7, ¶ 26 ("[F]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, the *de novo* sentencing procedure detailed in decision of the Supreme Court of Ohio should be followed to properly sentence an offender.").

      Under the circumstances presented in this case, the factors enumerated by the Sixth Circuit, taken together, bode against a Rule 41(a)(2) dismissal without prejudice because such a dismissal, at this juncture, would cause Respondent to suffer "plain legal prejudice," given the

---

[4] It appears that Peterson has filed a motion for re-sentencing with the State trial court on November 19, 2009.  To date, the State court has not ruled on that motion.  ECF No. 24 at 2.

(1:09-CV-01012)

amount of work Respondent has already invested and the great likelihood that, even if the State court were to find error in Peterson's sentencing, the remedy established by the Ohio Supreme Court would not interfere with the instant matter or materially change Peterson's status while incarcerated.

### III. Conclusion

For the reasons provided above, the undersigned recommends that Peterson's Motion to Dismiss Without Prejudice be DENIED. ECF No. 24.

The Court will provide a copy of this Order, via U.S. mail, to Damien Peterson, Petitioner.

| | |
|---|---|
| February 17, 2010 | s/ *Benita Y. Pearson* |
| Date | United States Magistrate Judge |

### OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).