**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Damien Peterson,** | ) | **CASE NO. 1:09 CV 01012** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Keith Smith, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Pearson (Doc. 28), which recommends denying petitioner's Motion to Dismiss Without Prejudice (Doc. 24). For the following reasons, the Report and Recommendation is ACCEPTED.

**INTRODUCTION**

Petitioner, Damien Peterson, commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after being convicted of one count each of aggravated robbery, felonious assault, and having a weapon while under a disability. The amended Petition sets forth five grounds for relief: insufficient evidence,

1

prosecutorial misconduct, ineffective assistance of trial/appellate counsel, defective indictment, and abuse of discretion. Respondent filed a Return of Writ, whereupon petitioner moved to stay the action pending the outcome of a motion for a de novo sentencing hearing filed in the Cuyahoga County Court of Common Pleas.[1] The motion to stay was denied, and petitioner was ordered to file his Traverse by February 13, 2010. Instead, petitioner filed the instant Motion to Dismiss. This matter has been fully briefed and the Magistrate Judge issued her Report and Recommendation recommending that the motion be denied. Petitioner has filed Objections to the Report and Recommendation.

### STANDARD OF REVIEW

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

### DISCUSSION

Magistrate Judge Pearson concluded that petitioner's motion should be denied because respondent would suffer plain legal prejudice if the Petition was dismissed without prejudice. The Court accepts this determination.

Petitioner's motion argues that this action should be dismissed without prejudice because his state court sentence is void, as the trial court allegedly failed to properly impose post-release control. Petitioner further argues that because the sentence is void, the state court had no

---

[1] The motion for a de novo sentencing hearing is still pending before the Cuyahoga County Court of Common Pleas.

jurisdiction to consider the merits of the appeal that led to his Petition. Respondent objects to the motion.

Magistrate Judge Pearson analyzed the motion under Fed. R. Civ. P. 41(a)(2), and looked to the following factors set forth in *Rosenthal v. Bridgestone/Firestone, Inc.,* 217 Fed. Appx. 498, 500 (6th Cir. 2007) (citing *Grover by Grover v. Eli Lilly and Co.,* 33 F.3d 716, 718 (6th Cir. 1994)) to determine whether respondent would suffer plain legal prejudice: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) plaintiff's failure to sufficiently explain the need for dismissal; and (4) whether defendant has filed a motion for summary judgment. She found that the first and fourth factors weighed against dismissal without prejudice because although there had been no trial or motion for summary judgment, the record reflected that respondent had invested substantial time and effort in the current matter, including filing a 60-page Return of Writ and a lengthy state court record. Magistrate Judge Pearson attributed no weight to the second factor, finding that both petitioner and respondent moved to extend time, and that petitioner's motion practice did not indicate intentional delay. Finally, the Magistrate Judge found that the third factor weighed against voluntary dismissal because if the alleged error in imposing post-release control actually occurred, the state has in place a remedy that would not interrupt petitioner's incarceration or the proceedings in federal court. Based on these factors, Magistrate Judge Pearson concluded that respondent would suffer plain legal prejudice at this time if the Petition was dismissed without prejudice.

Petitioner raises no specific objections to the Magistrate Judge's Report and Recommendation except as to the third factor. Petitioner argues that the de novo sentencing

procedure that would apply is not to correct a sentence, but to impose a proper sentence, and that without the de novo sentencing procedure, his sentence is void and the state court of appeals had no jurisdiction to consider the appeal which led to this Petition.

Upon review, the Court finds that petitioner's failure to sufficiently explain the need for dismissal weighs against a dismissal without prejudice. Whether petitioner was properly sentenced is an issue of state law that is not before the Court. Should the state court determine that petitioner was improperly sentenced, the Ohio Supreme Court has stated that the correct remedy is to conduct a de novo sentencing hearing, as set forth in *State v. Singleton,* 920 N.E.2d 958, 964 (Ohio 2009). Petitioner has not sufficiently explained how this process, if determined to be necessary at all, will interfere with the proceeding on the Petition currently before the Court. Petitioner cites *State v. Bedford,* 184 Ohio App. 3d 588, 2009-Ohio-3972 to support his argument that his appeals process will begin anew once he is granted a de novo sentencing hearing. *Bedford,* however, involved facts where the court of appeals found that it did not have proper jurisdiction over the appeal because the trial court erroneously imposed mandatory post-release control on the defendant where only discretionary post-release control was required, making the sentence void under Ohio law. The appeals court remanded the case to the trial court to conduct a de novo sentencing hearing. The defendant in that case had not yet exhausted his appeals or petitioned the United States District Court for habeas relief, thus the case does not support petitioner's argument that his appeals process will begin anew if he is resentenced. Accordingly, the Court finds that respondent will suffer plain legal prejudice if the Petition is dismissed without prejudice at this point in time.

**CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, which is fully incorporated by reference herein, petitioner's Motion to Dismiss Without Prejudice is DENIED.  The Court hereby ORDERS petitioner to file his Traverse within 30 days after receiving a copy of this order.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/7/10