**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Damien Peterson,** | ) | **CASE NO. 1: 09 CV 1012** |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **v.** | ) | |
| **Keith Smith, Warden,** | ) | **Memorandum of Opinion and Order** |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Armstrong (Doc. 35) recommending denial of Petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Petitioner has filed objections to the Report and Recommendation. (Doc. 43.) For the reasons stated below, the Report and Recommendation is ACCEPTED.

**I. Standard of Review**

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the district court reviews *de novo* the portion of a report of a magistrate judge to which a specific objection is made. The judge may accept, reject, or modify any proposed finding or recommendation.

**II. Discussion**

The pertinent background is set forth by the Magistrate Judge in her Report and Recommendation. On August 14, 2005, Matthew Donohue was crossing Lakeside Avenue in Cleveland, holding a messenger bag containing receipts from a restaurant/bar near Cleveland

Browns stadium. Donohue was confronted by a man with a gun, who demanded that Donohue give him the bag. A tussle for the bag ensued, and the man with the gun was able to grab the bag. The man fired a shot at Donohue, which whisked passed Donohue's ribcage. Donohue chased the man, who fired another shot. Donohue screamed for help and called 911 from his cell phone. Donohue ran up to the car in which the man was seated and banged on the window. Donohue was able to give the 911 operator a description of the perpetrator's car, the direction in which it was traveling, and the license plate number.

Donohue was not able to identify petitioner in two photographic arrays; however, Donohue was able to identify petitioner in a line-up and when petitioner was asked to speak the words the perpetrator spoke during the incident. In addition, police determined that the owner of the car belonged to an elderly nursing home resident whose daughter had access to the car. The daughter told police that petitioner, with whom she had a friendly relationship, and another man had access to the car when it was repaired. However, she testified that she was generally with the men when they repaired the car. The other man identified did not match the description of the perpetrator. The daughter identified petitioner from a Bureau of Motor Vehicles photo.

Petitioner was arrested in connection with the incident and was subsequently indicted by a Cuyahoga County Grand Jury on one count each of aggravated robbery, felonious assault, and having a weapon while under a disability. The aggravated robbery and felonious assault counts each contained one- and three-year firearm specifications, notice of prior conviction, and repeat violent offender specifications. After a jury trial, petitioner was found guilty of aggravated robbery, felonious assault, and the accompanying firearm specifications.

The court found him guilty of having a weapon under a disability and the remaining specifications. Petitioner was sentenced to a total of fifteen years' imprisonment, which included three years on the repeat violent offender specification.

The court of appeals affirmed petitioner's conviction but found that the trial court improperly sentenced him on the repeat violent offender specifications. The court of appeals modified his sentence to twelve years.

Petitioner filed a notice of appeal in the Ohio Supreme Court, which dismissed his appeal as not involving any substantial constitutional question.

After seeking post-conviction relief, petitioner filed the present *habeas* petition raising five grounds: (1) there was insufficient evidence to support petitioner's conviction of aggravated robbery and felonious assault; (2) the prosecutor engaged in misconduct in eliciting testimony of petitioner's prior convictions and withholding the evidence that Donohue was not able to identify petitioner in a photographic array; (3) ineffective assistance of trial counsel in failing to investigate potential witnesses and pursue a line of questioning as to those witnesses and ineffective assistance of appellate counsel; (4) the indictment was defective for failing to include the *mens rea* elements of robbery; and (5) the trial judge abused his discretion in refusing to admit a newspaper clipping that reported the time the sun rose on August 14, 2005. (Doc. 9, Amended Petition.)

Magistrate Judge Armstrong analyzed all of petitioner's arguments and recommended denial of the petition for a writ. The Magistrate Judge determined that petitioner had waived his contentions that the prosecutor engaged in misconduct in withholding evidence as to the victim's inability to identify petitioner in a photographic array, that petitioner's appellate

counsel was ineffective, and that the trial judge abused his discretion in refusing to admit evidence. The Magistrate Judge further found that petitioner was not entitled to challenge the sufficiency of the indictment against him in a *habeas* proceeding.

The Magistrate Judge found the grounds petitioner raised that were not waived to be without merit. Specifically, the Magistrate Judge found the evidence at trial was sufficient to support petitioner's convictions, the prosecutor's questioning as to petitioner's prior criminal record did not render petitioner's trial fundamentally unfair, and petitioner's trial counsel did not render ineffective assistance.

Petitioner does not object to the Magistrate Judge's determination that he is barred from challenging the sufficiency of the indictment on *habeas* review. (*See* Obj. at 5.) In addition, he does not object to the matters the Magistrate Judge determined to be waived. Finding no clear error with the determinations of the Magistrate Judge on these matters, the Court hereby adopts those determinations.

Petitioner objects only to the Magistrate Judge's determinations as to the grounds that "were neither waived nor procedurally defaulted." (Obj. at 1.) However, upon *de novo* review, the Court agrees with those determinations of the Magistrate Judge as well.

First, the Court agrees with the Magistrate Judge that petitioner's convictions were based on sufficient evidence. As the Magistrate Judge found, a rational trier of fact could conclude from the evidence that petitioner committed the crimes beyond a reasonable doubt. Petitioner argues the testimony of the car owner's daughter did not weigh heavily in favor of conviction because she testified that petitioner was "not her boyfriend, that they were just friends" and that no one other than the people who lived with her had access to the car. (Obj.

at 3.) Despite the testimony petitioner highlights, the evidence showed that petitioner was identified by the car owner's daughter as someone who had access to the car, and the victim was able to identify petitioner as the perpetrator in a line-up and by voice identification. The evidence was sufficient for a reasonable jury to convict petitioner. Petitioner's first objection lacks merit.

Petitioner's second objection is that the prosecutor engaged in prosecutorial misconduct by referring to petitioner's "parole officer" when questioning the investigating detective at trial. The detective was questioned as follows:

> Q: So, what did you do next?
> A: Well, I did contact Shawn.
> [Defense Counsel]: Objection.
> [The Court]: Overruled.
> Q: Okay. You contacted who?
> A: Shawn Riddle.
> Q: Okay. Why is that?
> [Defense Counsel]: Objection, Your Honor.
> [The Court]: Overruled.
> A: Well, he's a parole officer.
> Q: Okay. And, what happened next?
> A: Damien Peterson was arrested as a result of that conversation.

(Doc. 15, Ex. 6, 81-82.) Petitioner contends the prosecutor's reference to his "parole status" rendered his trial fundamentally unfair.

However, the trial court ruled that petitioner's parole status could be introduced "if it was a factor in [petitioner's] arrest and charge in [the] case." *State v. Peterson*, Case No. 88248, 2007 WL 1153434, at * 5 (Ohio App. April 19, 2007). As the Ohio Court of Appeals found, the prosecutor's questioning was limited to petitioner's arrest, did not inquire into petitioner's prior criminal record, and did not explicitly reveal that petitioner was on parole or that Shawn Riddle was petitioner's parole officer. The Court agrees with the determination of

the Ohio Court of Appeals and the Magistrate Judge that the prosecutor's questioning was relevant to petitioner's arrest, did not exceed the trial court's order, and did not render petitioner's trial fundamentally unfair. Thus, petitioner's second object asserting ineffective assistance of his trial counsel lacks merit.

Finally, petitioner objects to the Magistrate Judge's rejection of his argument that his trial counsel was ineffective. Petitioner's contends his counsel determined that two witnesses, Paul Tate and Antoine Sealy, might possess exculpatory evidence (*i.e.*, Tate overheard Sealy admit that Sealy was involved in the robbery). The State was unable to contact or locate these witnesses for trial. Therefore, the parties agreed that the investigating detective who knew of the evidence could testify about the information at trial and the testimony would not be hearsay.

Petitioner contends his trial counsel was ineffective in "allowing" this agreement violating the rules of evidence. Petitioner also contends his counsel was ineffective in "not attempting to locate or interview" the witnesses and in not requesting a continuance of the trial in order to locate them.

The Magistrate Judge rejected petitioner's position, finding that petitioner's counsel's performance was not outside the range of "professional competent assistance" and that petitioner "failed to demonstrate with reasonable probability that but for trial counsel's failure to compel the attendance of Paul Tate and Antoine Sealy at his trial, he would have been acquitted." (R&R at 19.)

The Court agrees with these determinations of the Magistrate Judge. First, trial counsel did not render ineffective assistance in entering into the stipulation. As the Ohio

Court of Appeals found, "defense counsel withdrew his stipulation that the detective could testify as to the information Tate had provided to the detective and objected to the admission of any such testimony as being hearsay." *State v. Peterson*, 2007 WL 1153434, at * 6-7. Second, trial counsel did not render ineffective assistance in failing to locate the witnesses or in seeking a continuance of trial. The evidence shows that attempts were in fact made to locate the witnesses; however, the witnesses simply could not be found. The court was under no obligation to continue the trial under the circumstances, and petitioner's counsel was not ineffective in failing to request one. *See State v. Peterson*, 2007 WL 1153434, at * 6-7.

In addition, petitioner has not shown a reasonable probability that the ultimate outcome of his trial would have been different but for trial counsel's failure to compel Tate's and Sealy's attendance. Petitioner's suggestion that Sealy and Tate had information that "could be exculpatory" is vague and nonspecific; whereas, the State had strong evidence that petitioner was guilty of the crimes charged. The Court agrees with the finding of the Magistrate Judge that petitioner has not demonstrated a likelihood that testimony by Tate and/or Sealy "would have cast reasonable doubt on Petitioner's guilt." (R&R at 19.)

In sum, the Court agrees with the Magistrate Judge that petitioner has failed to demonstrate that his trial counsel's performance was ineffective under *Strickland v. Washington*, 104 S.Ct. 2052 (1984).

**III. Conclusion**

For all of the reasons stated above, Magistrate Judge Armstrong correctly determined that all of Petitioner's asserted grounds for *habeas* relief are barred or lack merit. For the reasons stated above and those stated by the Magistrate Judge in her Report and

Recommendation, the Report and Recommendation is accepted.

In accordance with the Report and Recommendation, the petition for a writ of *habeas corpus* is dismissed. Further, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/6/11